Richard J. THUERMER, Appellant-Petitioner,

v.

Village of MISHICOT and The Village Board of
the Village of Mishicot, Respondent.†

Supreme Court

*No. 77–739. Argued March 5, 1980.—Decided April 1, 1980.*

(Also reported in 290 N.W.2d 689.)

† Motion for reconsideration denied, without costs, on May 13,
1980.

For the appellant-petitioner there were briefs and oral argument by *S. R. Winter* of Manitowoc.

For the respondents there was a brief by *Michael A. Loduha* and *Savage, Webster, Loduha & Stangel* of Manitowoc, and oral argument by *Michael A. Loduha*.

DAY, J.   This case comes before the court on a petition to review a decision of the court of appeals, affirming a decision and order of the circuit court for Manitowoc county, quashing an alternative writ of mandamus which sought to compel the Village of Mishicot to reimburse Richard J. Thuermer for attorney's fees and costs incurred by him in defending a taxpayer's action.

The sole issue to be decided by this court is whether sec. 895.46(1), Stats. 1977,[1] mandates that a municipal

---

[1] Sec. 895.46(1), Stats. 1977, states in pertinent part as follows:

"895.46.   **State and political subdivisions thereof to pay judgments taken against officers.**   (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of employment the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to such officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe. Agents of any department of the state shall be covered by this section while acting within the scope of any written agreement entered into prior

judge be reimbursed for attorney's fees and costs incurred while defending a taxpayer's suit against him. We hold that the requirements for the application of sec. 895.46 (1) have not been met in the instant action, and we affirm the decision of the court of appeals.

In 1973, a taxpayer's suit alleging wrongful and illegal retention of salary received as municipal judge was brought against Richard J. Thuermer. The claim was based on Thuermer's alleged failure to comply with the requirements of sec. 254.03, Stats. 1971,[2] as to the exe-

to the occurrence of any act which results in any action or special proceeding. Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment. Failure by the officer or employe to give notice to his or her department head of action or special proceeding commenced against the defendant officer or employe as soon as reasonably possible shall be a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney's fees and costs of defending the action. Such attorney's fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and such offer is refused by the defendant officer or employe. . . ."

[2] "254.03. **Oath and bond.** (1) The justice shall, after his election or appointment to fill a vacancy, take and file the official oath as prescribed in s. 256.02(1) and at the same time execute and file an official bond in an amount to be fixed by the governing body. No justice shall act as such until his oath and bond have been filed. The oath and bond shall be filed as required by s. 19.01(4)(c)."

In 1977, the statute was renumbered as sec. 755.03, Stats., and amended to read:

"755.03. **Oath and bond.** The judge shall, after election or appointment to fill a vacancy, take and file the official oath as prescribed in s. 757.02(1) and at the same time execute and file an official bond in an amount to be fixed by the governing body. No judge may act as such until his or her oath and bond have been filed as required by s. 19.01(4)(c) and the requirements of sub. (2) have been complied with."

cution and filing of his official oath and bond. On this basis it was alleged that he was improperly paid his salary under sec. 254.04, Stats. 1971.[3] The complaint requested that Mr. Thuermer be held personally liable for the amount of his salary which was alleged to have been "erroneously" paid. Mr. Thuermer successfully demurred to the initial and amended complaints and on appeal to this court, the order sustaining the demurrer was affirmed with an allowance to replead.[4] The taxpayer's third amended complaint was ultimately dismissed in 1977.

After the final dismissal of the taxpayer's suit, Mr. Thuermer submitted a request to the Village of Mishicot seeking for attorney's fees and costs incurred by him in

[3] "254.04. **Salary and fees.** The governing body shall fix a salary for such justice which shall be in lieu of fees and costs. Fees and taxable costs shall be paid into the municipal treasury as the governing body directs. The salary may be increased by the governing body before the start of the 2nd or a subsequent year of service of the term of the justice, but shall not be decreased during a term. Salaries may be paid annually or in equal installments as determined by the governing body, but no justice shall be paid a salary for any time during his term during which such justice has not executed his official bond or official oath, as required by s. 254.03, and filed pursuant to s. 19.01(4)(c)."

In 1977, the statute was renumbered as sec. 755.04, Stats. and amended to read:

"755.04. **Salary and fees.** The governing body shall fix a salary for the judge which shall be in lieu of fees and costs. Fees and taxable costs shall be paid into the municipal treasury as the governing body directs. The salary may be increased by the governing body before the start of the 2nd or a subsequent year of service of the term of the judge, but shall not be decreased during a term. Salaries may be paid annually or in equal installments as determined by the governing body, but no judge may be paid a salary for any time during the term during which the judge has not executed his or her official bond or official oath, as required by s. 755.03, and filed under s. 19.01(4)(c)."

[4] Unpublished Per Curiam filed February 1, 1977.

that action. The request was refused, and a petition for writ of mandamus to compel the Village to pay the fees and costs was filed in the circuit court for Manitowoc county. An alternative writ of mandamus was issued by the circuit court redirecting the Village and the Village Board either to consider and pay reasonable attorney's fees and costs incurred by Mr. Thuermer or to show cause to the contrary. Upon motion of the Village, the alternative writ was quashed and this order was affirmed by the court of appeals.

The Village did not provide Mr. Thuermer with legal counsel to assist in his defense of the taxpayer's suit. The question raised then, is whether the Village is required to pay the reasonable attorney's fees and costs incurred by Mr. Thuermer in defending the action. As noted earlier, sec. 895.46(1), Stats. 1977, is the applicable section and it states in part that "[r]egardless of the results of the litigation the governmental unit, . . . shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment." In *Bablitch & Bablitch v. Lincoln County*, 82 Wis.2d 574, 263 N.W.2d 218 (1978), this court interpreted this language to mandate the payment of attorney's fees and costs in "one class of cases. . . . made up of those cases where the governmental unit is absolutely liable under sec. 270.58(1), [now 895.46(1), Stats.] for the payment of any judgment rendered against the officer." *Bablitch & Bablitch*, 82 Wis.2d at 584. In addition, the court construed the statutory language to require the reimbursement of attorney's fees and costs only in those situations where the expenses were incurred while defending civil damage actions. *Bablitch & Bablitch*, 82 Wis. 2d at 583.

An initial inquiry must be made as to whether the taxpayer's suit brought against Mr. Thuermer was a civil damage action. The taxpayer's suit is a civil action, and depending upon the relief requested, it may include a claim for civil damages. A taxpayer's suit cannot be maintained if the taxpayer himself does not suffer a pecuniary loss. *See, S. D. Realty Co. v. Sewerage Comm'n.,* 15 Wis.2d 15, 22, 112 N.W.2d 177 (1961). This is in contrast to a criminal prosecution, the object of which is the " 'security and happiness of the people in general,' " *Bablitch & Bablitch,* 82 Wis.2d at 581, or a civil forfeiture action, which, like a criminal prosecution, imposes a penalty rather than damages.[5] We conclude that the initial requirement that the underlying suit be a civil damage action has been met in this case.

Next, it must be determined whether under sec. 895.-46(1), Stats., the Village of Mishicot would have been absolutely liable had a judgment been rendered against Mr. Thuermer in the taxpayer's suit.

Sec. 895.46(1), Stats. establishes the following criteria that must be met before a political subdivision of the state is required to reimburse a public officer, or employee for a judgment rendered against him.[6] First, the defendant must be a public officer or employee proceeded against in his official capacity, or as an individual because of acts committed while carrying out his du-

---

[5] Chapter 288 of the Wisconsin Statutes which governs the collection of forfeitures, defines the term "forfeiture" as including "any penalty, in money or goods." *See,* sec. 288.01, Stats. A taxpayer's suit cannot be used as a tool to punish for a past violation of a statute. Nor can a penalty provided for a violation of a statute be imposed in a taxpayer's action. *Murphy v. Paull,* 192 Wis. 93, 98, 212 N.W. 402 (1927).

[6] It is not disputed by the parties that Mr. Thuermer's position as a municipal judge qualified him as a public officer or employee as that term is used in sec. 895.46(1), Stats. See, secs. 755.001, 755.02, 755.04 and 755.045, Stats. 1977.

ties as a public officer. Second, it must not be found by the court or jury that the officer or employe acted beyond the scope of his employment.

The taxpayer's suit was brought against Mr. Thuermer in his individual capacity. Mr. Thuermer contends that the act of filing the oath and bond was itself an official duty of his office. He claims therefore that the filing of the oath and bond is an act "committed while carrying out duties as an officer or employee. . ." Sec. 895.46(1), Stats. We conclude otherwise.

The oath which Mr. Thuermer allegedly did not file along with his bond includes a statement that the individual taking the oath has "not yet entered upon the duties [of the office]." Sec. 256.02(1), Stats. 1971 [new sec. 757.02(1)].[7] It is our conclusion therefore that the act of executing and filing the oath and bond are not duties of the office of municipal judge, but rather are to be classified as necessary preconditions of one entering upon the duties of such office.

Mr. Thuermer's contention that the act of receiving and retaining his salary was committed while carrying out the duties of his office must also fail. Sec. 19.01(3), Stats., which defines the official duties of public officials notes that these duties include "performance to the best of his ability . . . of every official act required and the nonperformance of every act forbidden, by law to be performed by him. . . ." The receipt and retention of a public officer's salary is not an official act required of him. While a public officer's right to receive and retain his salary may be dependent upon his carrying out the duties of his office, it is not itself a duty of that office.

Thuermer's contention that there is no basis for the court to determine the truthfulness of the allegation in

---

[7] In 1977, sec. 256.02(1), Stats. was renumbered as sec. 757.02 (1), and in addition was amended by making it applicable to judges of the newly created court of appeals.

the taxpayer's suit is inapposite to this issue. While it is true that in demurring to the pleadings in the taxpayer's action Thuermer only raised the issue of the sufficiency of the allegations contained therein, and admitted the truth of the facts alleged only to determine their sufficiency, the truthfulness or lack thereof of the allegations does not affect the character of his act. Whether he filed the oath or not, the underlying act or the omission thereof was not part of the acts undertaken while carrying out the duties of his office as required by the statute.

Since Thuermer was not proceeded against while carrying out the duties of his office, it is unnecessary to examine the second criterion, that related to whether the act was done within the scope of employment. Only one of the two criteria having been met, payment of attorney's fees and costs was not mandated under sec. 895.-46(1), Stats. The writ of mandamus was thus properly quashed. Having failed the criteria for mandatory payment, Thuermer's recourse was to the provisions of sec. 895.35,[8] which gives various political subdivisions the

[8] "895.35. **Expenses in actions against municipal and other officers.** Whenever in any city, town, village, school district, vocational, technical and adult education district or county charges of any kind are filed or an action is brought against any officer thereof in his official capacity, or to subject any such officer, whether or not he is being compensated on a salary basis, to a personal liability growing out of the performance of official duties, and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, or in case such officer, without fault on his part, is subjected to a personal liability as aforesaid, such city, town, village, school district, vocational, technical and adult education district or county may pay all reasonable expenses which such officer necessarily expended by reason thereof. Such expenses may likewise be paid, even though decided adversely to such officer, where it appears from the certificate of the trial

option of reimbursing officers for their expenses in certain types of lawsuits. Reimbursement having been requested of the Village of Mishicot and that request having been refused, the Village is not required to pay his attorney fees and costs.

*By the Court.*—The decision of the court of appeals is affirmed.

judge that the action involved the constitutionality of a statute, not theretofore construed, relating to the performance of the official duties of said officer."