BABLITCH & BABLITCH, and another, Appellants, v. LINCOLN COUNTY, Respondent.

*No. 75–886. Argued February 6, 1978.—Decided March 7, 1978.*
(Also reported in 263 N.W.2d 218.)

For the appellants there were briefs by *DeWitt, Mc-Andrews & Porter, S. C.* of Madison, and oral argument by *Martha Bablitch* of Stevens Point.

For the respondent there was a brief by *Glenn H. Hartley,* and *Schmitt, Nolan, Hansen & Hartley,* and oral argument by *Glenn H. Hartley,* all of Merrill.

CALLOW, J. This is an appeal from an order of the circuit court for Lincoln county sustaining the demurrer of the defendant-respondent Lincoln county for failure of the plaintiffs to state a cause of action and dismissing the complaint. The plaintiffs and appellants are Robert J. Bassett and the law firm of Bablitch & Bablitch.

Robert J. Bassett, serving as sheriff of Lincoln county, was charged *inter alia* with criminal misconduct in

office by making false entries in documents in violation of sec. 946.12(4), Stats. Lincoln county did not provide defense counsel for the sheriff, and he retained the law firm of Bablitch & Bablitch to defend him. He was acquitted on all counts. He and Bablitch & Bablitch each submitted a claim to Lincoln county for payment of his defense attorney's fees and costs in the amount of $12,740.09. The Lincoln County Board declined to pay either claim. We do not know whether any reason was stated by the Board for its refusal.

Sheriff Bassett and the law firm of Bablitch & Bablitch then commenced this action to recover the attorney's fees and costs from Lincoln county. The county demurred to the complaint alleging it failed to state a cause of action. The trial court sustained the demurrer, citing art. VI, sec. 4, of the Wisconsin Constitution as a prohibition against the payment of attorney's fees and costs. The trial court concluded further that, even if the Constitution permitted payment, the legislature had not enacted a statute requiring the payment of attorney's fees and costs in these circumstances. Sheriff Bassett and his counsel have appealed from that decision.

Art. VI, sec. 4, Wis. Const., provides in pertinent part:

"Sheriffs, coroners, register of deeds, district attorneys, and all other county officers except judicial officers and chief executive officers, shall be chosen by the electors of the respective counties once in every two years. . . . Sheriffs shall hold no other office; they may be required by law to renew their security from time to time, and in default of giving such new security their office shall be deemed vacant, but the county shall never be made responsible for the acts of the sheriff."

In *Larson v. Lester*, 259 Wis. 440, 49 N.W.2d 414 (1951), the court construed this constitutional provision in the context of a statute requiring the state or other governmental unit to pay damage judgments en-

tered against an officer of that unit. But the court noted the exclusion of the sheriff from the application of that statute, citing art. VI, sec. 4, Wis. Const., as follows: "Any act of a sheriff would, of course, be excluded [from the scope of the statute] by reason of the constitutional provision in sec. 4, art. VI."

More recently in *Hicks v. Milwaukee County*, 71 Wis. 2d 401, 238 N.W.2d 509 (1975), the court held that a prisoner seeking to recover damages for excessive amounts paid to the sheriff under the Huber Law had no cause of action against the county stating:

"The sheriff, not the county, is the custodian of a prisoner's account under the Huber law. Moreover, the Wisconsin Constitution expressly prohibits making the county responsible for the acts of the sheriff." 71 Wis. 2d at 404, *citing:* art. VI. sec. 4, Wis. Const., and *Larson v. Lester, supra.*

The county contends that since art. VI, sec. 4, Wis. Const., as construed in *Larson* and *Hicks* absolutely bars responsibility by the county for the acts of the sheriff, it also bars payment by the county of expenses incident to defending actions arising from the acts of sheriffs, since the attorney's fees and costs are merely natural and probable consequences of the acts of the sheriff. We do not agree.

Art. VI, sec. 4, Wis. Const., was modeled after art. IX, sec. 5, of the New York Constitution, and the construction of the New York constitutional provision is to be given great weight in construing the Wisconsin provision. *The Wisconsin Central Railroad Co. v. Taylor County and others,* 52 Wis. 37, 62–64, 8 N.W. 833 (1881); *Milwaukee v. Horvath,* 31 Wis.2d 490, 496, 143 N.W.2d 446 (1966). The New York courts and this court have recognized that the constitution insulates the county treasury from liability to third parties dam-

aged by acts of the sheriff. *Hicks v. Milwaukee County, supra; Larson v. Lester, supra; Commisso v. Meeker,* 8 N.Y.2d 109, 202 N.Y.S.2d 287, 168 N.E.2d 365, 368 (1960). Neither state has decided whether because of this constitutional provision the county cannot defend its sheriff when he is the named defendant in an action.

The language of the New York and Wisconsin Constitutions literally provides that "the county shall never be made responsible for the acts of the sheriff." The constitutional history of this provision in New York is contained in the New York case of *Commisso v. Meeker, supra* at 118–19:

"This immunity provision was first added to our Constitution in 1821 as part of section 8 of article IV (see text in Lincoln, Constitutional History of New York, Vol. 1, pp. 205–206). The principal purpose of section 8 of article IV, apparent from its language and the debates at the 1821 constitutional convention, was to make the office of Sheriff an elective one (see Proceedings and Debates, Constitutional Convention, 1821, at pp. 384–392 [Oct. 9, 1821]). Theretofore the office was an appointive one (N.Y. Const. of 1777, art. XXVI, at Lincoln, op. cit., supra, Vol. 1, p. 179).

"The delegates to the 1821 constitutional convention vigorously debated the merits of electing Sheriffs to office. Immediately after the resolution proposing the change was carried, 'Mr. Munro offered an amendment as follows: "But the county shall never be made surety for the sheriff, nor responsible for his acts." ' This proposed amendment was not debated by the convention. The minutes bear the simple notation that the amendment was 'carried.' Thus the immunity clause—in effect a rider to the provision for electing Sheriffs—became a part of our State Constitution.

"At subsequent constitutional conventions, resolutions were offered to repeal the immunity provision, but they were never carried, with the result that this provision has endured to the present day as part of our Constitution."

This constitutional history shows that the purpose of the language "but the county shall never be made responsible for the acts of the sheriff" was to prevent the county from being a surety, that is, to spare the county treasury from liability to third parties damaged by the acts of the sheriff, since the sheriff was to be an independent elective officer. The public policy represented by this constitutional provision is not consistent with current public policy to indemnify all other public officers against third-party claims resulting from the officer's official acts. *See, e.g.*, sec. 270.58(1), Stats., 1973 [now sec. 895.46(1), Stats., 1975]. But when a county provides legal counsel to the sheriff who is sued or prosecuted as a result of his official acts or in the alternative when the county reimburses the sheriff for reasonable attorney's fees and costs, the county has not assumed responsibility to third parties for damage caused by the sheriff's acts.

It is sound public policy to assist a public officer in the defense of actions brought against him in his official capacity. *Curry v. Portage*, 195 Wis. 35, 41, 217 N.W. 705 (1928). Such assistance is particularly important for a sheriff because the very nature of the duties of the office tends to provoke lawsuits. We therefore hold that art. VI, sec. 4, Wis. Const., though it bars liability to third persons damaged by the acts of the sheriff, does not bar the county from providing defense counsel or reimbursing the sheriff for expenses incident to defending lawsuits brought against him while acting in his official capacity. If the legislature requires a county to provide defense counsel to the sheriff or to reimburse him for his reasonable attorney's fees and costs, the legislature has not made the county responsible for the acts of the sheriff within the meaning of art. VI, sec. 4.

In this case the attorney's fees and costs were incurred defending a criminal prosecution by the state against the sheriff which resulted in acquittal. Sheriff Bassett contends that under sec. 270.58(1), Stats., 1973, the county is required to reimburse him for his attorney's fees and costs. Sec. 270.58(1) [now sec. 895.46 (1), Stats.] states as follows:

"270.58. State and political subdivisions thereof to pay judgments taken against officers. (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in his official capacity or is proceeded against as an individual because of acts committed while carrying out his duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of his employment the judgment as to damages and costs entered against the officer or employe shall be paid by the state or political subdivision of which he is an officer or employe. *Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of his employment.* Failure by the officer or employe to give notice to his department head of action or special proceeding commenced against him as soon as reasonably possible shall be a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney's fees and costs of defending the action. Such attorney's fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and such offer is refused by the defendant officer or employe. Deputy sheriffs in those counties where they serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to payment of the judgment shall be discretionary and not mandatory. In such counties the judgment as to damages and costs may be paid by the county if approved by the county board." (Emphasis added.)

Sec. 270.58(1), Stats., 1973, refers to any action or special proceeding. Prior to the enactment in 1975 of the Rules of Civil Procedure, sec. 260.05, Stats., provided "any action" could be civil or criminal. Sheriff Bassett claims the phrase "any action" covers his circumstances. However, the portion of the statute specifically referring to attorney's fees and costs uses the word "litigation," and litigation is defined in *Black's Law Dictionary,* Revised Fourth Edition (1968), as a civil action or contest in a court of justice for the purpose of enforcing a right. In *Summerour v. Fortson,* 174 Ga. 862, 164 S.E. 809, 811–12 (1932), the Georgia court held:

"Litigation is 'A contest, authorized by law, in a court of justice, for the purpose of enforcing a right.' Bouvier's Law Dictionary (Students' Ed. 1928), passim. A prosecution, on the other hand, is 'the means adopted to bring a supposed offender to justice and punishment by due court of law.' It is carried on in the name of the government, and has for its principal object the security and happiness of the people in general." *Id.* at 811–12.

We conclude the legislature chose to use the word "litigation" in this narrow sense and intended that it apply only to civil cases. The conclusion that sec. 270.-58(1), Stats., 1973, applies only to civil proceedings is buttressed by other language of the section requiring the employee to give notice of the proceeding to the department head and the reference to payment of judgments. The legislature here recognized that the governmental unit should be entitled to supply counsel where an adverse result would involve the payment of a judgment out of county funds. Therefore, the penalty of loss of contribution for attorney's fees and costs is imposed if the employee or officer did not give rea-

sonable notice to the county that an action was commenced.

Sheriff Bassett cannot recover expenses incurred in defending a criminal prosecution under sec. 270.58(1), Stats., 1973, not only because sec. 270.58(1) applies specifically to expenses incurred in a civil damages action, but also because sheriffs are not "public officers" included within the meaning of sec. 270.58(1). The first sentence of sec. 270.58(1) purports to cover all "public officers." We acknowledge that sheriffs are public officers. *See:* sec. 59.12, Stats. However, the broad scope of sec. 270.58(1), Stats., 1973, is limited by the last two sentences of this subsection. These two sentences provide that deputy sheriffs who serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to the payment of judgments shall be discretionary and not mandatory. The legislative history of this addition to sec. 270.58(1), Stats., 1973, which can be found in the drafting files of the Legislative Reference Bureau, reveals this addition was prompted by the desire to include the greatest number of public officers possible within the coverage of sec. 270.58(1), Stats., 1973.[1] However, the legislature concluded that art. VI, sec. 4, Wis. Const., prohibited the inclusion of the sheriff and his deputies in a statute providing for the payment of judgments as to damages and costs.

[1] The last two sentences of sec. 270.58(1), Stats., were added in Ch. 499, Laws of 1961. The purpose of the sentences concerning deputy sheriffs is contained in a letter dated February 1, 1961, from the Milwaukee County Corporation Counsel to the Milwaukee County Sheriff. This letter is contained in the drafting file of the Legislative Reference Bureau and is reprinted in Appellants' Reply Brief at 101–8. The letter discusses the manner in which sec. 270.58(1), Stats., might be drafted to cover at least deputy sheriffs on civil service in a manner which would not be constitutionally infirm.

In an effort to accommodate both the constitution and the desire to give maximum scope to sec. 270.58(1), Stats., 1973, the legislature distinguished between deputies appointed by the sheriff and serving at his will and deputies on civil service. *See also:* sec. 59.22(3) and (4), Stats., which provides that the sheriff shall not be financially responsible for the acts of deputies on civil service unless the deputy acts at the express direction of the sheriff. By providing in sec. 270.58(1) that deputy sheriffs on civil service are to be covered by the provision for payment of judgments, but giving the county discretion to decide whether to pay a particular judgment or not, the legislature hoped to circumvent the constitutional mandate that "the county shall never be made responsible for the acts of the sheriff." By including deputies on civil service, while excluding sheriffs and deputies serving at the will of the sheriff, the legislature manifested the intent to exclude sheriffs from the operation of sec. 270.58(1). Even if the attorney's fees and costs that Sheriff Bassett seeks to recover here were incurred in defending a civil action, he could not recover these expenses under sec. 270.58(1), Stats., 1973.

While sec. 270.58(1), Stats., 1973, is limited to attorney's fees for public officers other than sheriffs and deputy sheriffs serving at the will of the sheriff arising from civil damages actions, sec. 895.35, Stats., provides for the payment of all reasonable expenses of defending against "charges of any kind" or "any action" brought against "any officer" in his official capacity.[2] We con-

---

[2] Sec. 895.35, Stats., states as follows: "Whenever in any city, town, village, school district, vocational, technical and adult education district or county charges of any kind are filed or an action is brought against any officer thereof in his official capacity, or to subject any such officer, whether or not he is being compensated on a salary basis, to a personal liability growing out

clude that the county is empowered under sec. 895.35, Stats., to pay Sheriff Bassett's attorney's fees and costs if it so elects.

It is apparent that both sec. 270.58 (1), Stats., 1973, and sec. 895.35, Stats., apply to the expenses of defending civil damages actions, while sec. 895.35 also applies to criminal charges brought against the officer. Although secs. 895.35 and 270.58 (1), Stats., 1973, overlap with respect to the payment of attorney's fees and costs in civil damages actions, sec. 270.58 (1) is more recent and more specific and must be construed to create one class of cases for which payment of attorney's fees and costs is mandatory. Such a class is made up of those cases where the governmental unit is absolutely liable under sec. 270.58 (1) for the payment of any judgment rendered against the officer.

Sheriff Bassett's complaint alleges that he presented his claim to the county, and the county refused payment. Sec. 895.35, Stats., gives the county the option to refuse payment. The county having exercised its option, the Sheriff has no cause of action against the county, and the demurrer was properly sustained by the trial court.

We do not know what reasons prompted the Lincoln county Board to decline payment of the claim submit-

of the performance of official duties, and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, or in case such officer, without fault on his part, is subjected to a personal liability as aforesaid, such city, town, village, school district, vocational, technical and adult education district or county may pay all reasonable expenses which such officer necessarily expended by reason thereof. Such expenses may likewise be paid, even though decided adversely to such officer, where it appears from the certificate of the trial judge that the action involved the constitutionality of a statute, not theretofore construed, relating to the performance of the official duties of said officer."

ted. Since that decision may have been prompted by the erroneous conclusion that art. VI, sec. 4, of the Wisconsin Constitution prohibited payment, we direct that Sheriff Bassett be permitted to refile his claim so that the Lincoln county Board may render a decision in the light of this opinion.

*By the Court.*—Order affirmed.

DAY, J., took no part.