MORGAN R. BUTLER, III, Corporation Counsel Ozaukee County
You have asked me to resolve what you perceive to be a conflict between secs. 59.23 (1) and 59.07 (1)(d)1., Stats., regarding the county clerk's authority to retain a set of jail keys. The circumstances prompting this question are as follows:
For the past twenty-five years, the county clerk has kept a duplicate set of all keys to county buildings, including keys to the jail. Until recently, the clerk kept his jail keys in a locked drawer in his office. Currently, however, the keys are kept in a secured location known only to the sheriff, the clerk, and the clerk's deputy. The sheriff has demanded the return of this duplicate set of keys, claiming sec. 59.23 (1), Stats., vests him with exclusive control over the jail keys. The clerk has refused to return the keys, claiming secs. 59.07 (1)(d) 1. and 59.67 (1), Stats., authorize him to retain a duplicate set. For the following reasons, it is my opinion the county clerk *Page 331 
has no right to have a set of jail keys unless the sheriff agrees to such possession.
The relevant statutes provide as follows:
 59.07 GENERAL POWERS OF BOARD. The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:
(1) Property.
. . . .
 (d) Construction, maintenance and financing of county-owned buildings and public works projects: 1. Construct, purchase, acquire, lease, develop, improve, extend, equip, operate and maintain all county buildings, structures and facilities . . . including . . . jails . . . and including all property, real and personal, pertinent or necessary for such purposes.
59.23 SHERIFF; DUTIES. The sheriff shall:
 (1) Take the charge and custody of the jail maintained by his county and the persons therein, and keep them himself or by his deputy or jailer.
 59.67 COUNTY PROPERTY. (1) How held. County property shall be held by the clerk in the name of the county.
In an earlier opinion of this office, the apparent conflict between secs. 59.07 (1) (d)[1] and 59.23 (1), Stats., was noted in relation to the county board's right to use unoccupied jail space. That opinion concluded the county board could use such space only if it would not interfere with jail operations or security and that, between the sheriff and the county board, the sheriff was to be arbiter of that decision. 52 Op. Att'y Gen. 377, 379-80 (1963).
Under the instant set of facts, the conflict between the two statutes is more imagined than real. While the sheriff obviously needs keys to the jail and its cells in order to fulfill his duty as custodian of the jail *Page 332 
and the prisoners therein, the same cannot be said of the county clerk in respect to his duty, as the representative of the county, to operate and maintain the jail. Because the jail is open twenty-four hours a day, 365 days of the year, maintenance can continue as long as the sheriff and his deputies are willing to permit janitors, repairmen, etc., reasonable access to the jail. Because of this accessibility, the county clerk's failure to have a set of jail keys will not interfere with his maintenance and operation of the jail. In fact, there is no indication of a problem in this regard in your county, and the clerk has admitted he has never needed to use a single key to gain access to the jail during his fifteen years in office. Thus, there is not necessarily a conflict between the two statutes regarding possession of jail keys.
Insofar as secs. 59.07 (1)(d)1. and 59.23 (1), Stats., may be viewed as conflicting, however, the sheriff's rights to control of the jail are superior to those of the county clerk as representative of the county. Section 59.23 (1), Stats., which designates the sheriff as custodian of the jail and its prisoners, embodies one of the powers of the sheriff as they existed at common law and at the time of adoption of the state constitution. State ex rel. Kennedy v. Brunst, 26 Wis. 412, 414
(1870), cited with approval in Schultz v. Milwaukee County,245 Wis. 111, 114-115, 13 N.W.2d 580 (1945). Because such a power is an important attribute of the constitutional office of sheriff, the county board cannot constitutionally effect a change in the substance of that power by transferring custody of the jail to the county clerk or by requiring the sheriff and the clerk to share custody of the jail. I say this not to imply that the county board has done so in this instance, but merely to emphasize the great deference traditionally accorded the sheriff in the operation of the jail.
The sheriff's independence from other county officials in the performance of his duties, clearly recognized in Andreski v.Industrial Comm., 261 Wis. 234, 240, 52 N.W.2d 135 (1952), also supports the conclusion that his right to control the jail keys is absolute.
 Within the field of his responsibility for the maintenance of law and order the sheriff today retains his ancient character and is accountable only to the sovereign, the voters of his county, though he may be removed by the governor for cause. No other county official supervises his work or can require a report or an accounting from him concerning his performance of his duty. He chooses his own ways and means of performing it. *Page 333 
(Emphasis added.)
The immense responsibilities which attach to the office of sheriff also require that he be given absolute control over the handling of jail keys. The sheriff has been singled out by the state constitution as the only county officer for whose actions the county may not be held responsible. Wis. Const. art. VI, sec.4; Bablitch Bablitch v. Lincoln County, 82 Wis.2d 574,263 N.W.2d 218 (1978). Furthermore, it is common knowledge that the sheriff, rather than the county clerk, will be the party blamed for failures in jail security. This is further reason for giving the sheriff exclusive right to determine where duplicate sets of jail keys will be kept.[2]
Insofar as the county clerk is relying on sec. 59.67 (1), Stats., for authority to retain a set of jail keys, I do not believe this statute authorizes such possession. Although sec. 59.67 (1), Stats., mandates that the county clerk shall "hold" county property (which would include the county jail), I believe this statute refers to the title to county property and not to actual physical possession of county-owned buildings. Because conflicts between different statutes will not be held to exist if they may otherwise be reasonably construed, Raisanen v. City ofMilwaukee, 35 Wis.2d 504, 516, 151 N.W.2d 129 (1967), I believe a reasonable construction of sec. 59.67 (1), Stats., is that it refers to the clerk holding legal title to county property. In the alternative, if secs. 59.67 (1) and 59.23 (1), Stats., are read as conflicting, the latter statute, which designates the sheriff as custodian of the jail and the prisoners therein, would control over the former because when a general statute and a specific statute relate to the same subject matter (here, county property), the specific statute controls. Raisanen, 35 Wis.2d at 516. Because sec. 59.23 (1), Stats., specifically relates to the county jail, while sec. 59.67 (1), Stats., *Page 334 
relates generally to county property, the former statute would control the latter if they were deemed to conflict.
Although it is my opinion that the county clerk does not have the right to demand a duplicate set of jail keys, this is not to say that the sheriff could not authorize the clerk to possess such keys. Under the circumstances existing in your county, however, it is clear the county clerk does not have the sheriff's consent to retain a set of jail keys.
BCL:MM
[1] Section 59.07 (1)(d), Stats., has since been amended and subdivided into secs. 59.07 (1)(d)1. and 59.07 (1)(d)2., Stats.
[2] Although it is my opinion that the sheriff has the right to determine where the various sets of keys to the jail shall be kept, he is required by the Wisconsin Administrative Code to keep one set of keys outside the jail. Specifically, Wis. Adm. Code section PW-C 50.03 (2), provides as follows:
 (2) There must be at least 3 complete sets of jail and fire escape keys, one set each in use and one set, stored in a safe place accessible only to jail personnel for use in an emergency and one set stored in a secure place outside the jail. There must be an accurate record of the location of the keys. All jail personnel must be given instructions concerning the use and storage of the keys and held strictly accountable for keys assigned to them.