Dan CRAWFORD, Plaintiff-Respondent,

v.

CITY OF ASHLAND, Defendant-Appellant.†

Court of Appeals

*No. 86–1158. Submitted on briefs September 8, 1986.—Decided
October 21, 1986.*

(Also reported in 396 N.W.2d 781.)

† Petition to review denied.

For the defendant-appellant, City of Ashland, there was a brief by *Scott W. Clark*, city attorney of Ashland, WI.

For the plaintiff-respondent, Daniel R. Crawford, there was a brief by *P. Scott Hassett* of Madison, WI.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The City of Ashland appeals a judgment awarding one of its police officers, Daniel Crawford, the legal fees that he incurred in defending against three forfeiture charges. The city argues that sec. 895.46(1), Stats., does not require a municipality to indemnify an employee for legal fees incurred in defense of forfeiture charges. Because we conclude that sec. 895.46(1) is applicable to forfeiture actions, the judgment is affirmed.

Daniel Crawford is a police officer for the City of Ashland. While on patrol, Crawford shot and killed an injured seagull. The Department of Natural Resources issued Crawford three citations charging him with violating certain DNR regulations and seeking forfeitures for those violations.

Crawford asked the city to provide him with legal counsel to undertake his defense but the city refused to do so. Crawford then retained private counsel. At the trial, the court determined that Crawford had shot the

370

seagull to end its misery and to eliminate a traffic hazard. Accordingly, the court concluded that Crawford had shot the bird within his scope of employment as a police officer and, therefore, his actions were privileged.[1] Consequently, the court dismissed the DNR charges.

Crawford submitted a claim to the city for the legal fees he incurred in defending against the DNR charges. The city disallowed the claim. Crawford then brought an action to recover the legal fees under sec. 895.46(1). This statute requires a municipality to indemnify a public employee for attorney fees and costs incurred in defending against actions that are based upon acts the employee committed within the scope of employment. The trial court concluded that because Crawford was acting within the scope of his employment when he shot the seagull, the city was liable for his legal fees under sec. 895.46(1).

The city argues that the trial court misinterpreted sec. 895.46(1). The city admits that Crawford was acting within the scope of his employment when he shot the seagull. Nonetheless, the city maintains that the indemnification provisions of sec. 895.46(1) do not apply to legal fees an employee incurs in defending against forfeiture charges.

---

[1] Section 939.45, Stats., provides in part:

> Privilege. The fact that the actor's conduct is privileged, although otherwise criminal, is a defense to prosecution for any crime based on that conduct. The defense of privilege can be claimed under any of the following circumstances:
>
> . . .
>
> (3) When the actor's conduct is in good faith and is an apparently authorized and reasonable fulfillment of any duties of a public office . . .

371

In support of its argument, the city points out that in *Bablitch & Bablitch v. Lincoln County*, 82 Wis.2d 574, 581, 263 N.W.2d 218, 222-23 (1978), the court defined "litigation" as used in sec. 895.46(1) to mean only civil proceedings.[2] Thus, the court concluded that the statute did not require a municipality to indemnify an employee for legal fees incurred in defense of criminal charges. *Id.* at 582, 263 N.W.2d at 223. The city maintains that a forfeiture action is not a civil proceeding and, therefore, under *Bablitch* it cannot be required to indemnify Crawford. The city also notes that the attorney general has determined that sec. 895.46(1) applies only to civil damage proceedings and not to forfeiture actions. *See* 66 Op. Att'y Gen. 228, 229-30 (1977).

A determination involving the interpretation of a statute is a question of law. *P.A.K. v. State*, 119 Wis.2d 871, 876, 350 N.W.2d 677, 680 (1984). Questions of law are reviewed independently without deference to the trial court's decision. *Id.* Accordingly, we will independently review the trial court's interpretation of sec. 895.46(1).

The primary goal of statutory construction is to determine and give effect to the legislature's intent. *Id.* at 878, 350 N.W.2d at 681. In making this determination, a court first looks to the language of the statute itself. *Id.* If the language is unambiguous, no judicial rule of construction is permitted, and a court must give effect to the statute's plain meaning. *City of Milwaukee*

---

[2] In *Bablitch & Bablitch v. Lincoln County*, 82 Wis.2d 574, 581, 263 N.W.2d 218, 222 (1978), the court was interpreting sec. 270.58(1), Stats. (1973), which is now sec. 895.46(1), Stats.

*v. Lindner,* 98 Wis.2d 624, 632, 297 N.W.2d 828, 832 (1980).

■

The plain meaning of sec. 895.46(1)(a) permits Crawford's claim against the city for the legal fees he incurred in the forfeiture action. The statute states:

> If the defendant in *any action or special proceeding* is a public officer or employe . . . and is proceeded against . . . because of acts committed while carrying out duties . . . within the scope of employment, *the judgment as to damages and costs . . . shall be paid by the . . . political subdivision. . . . Regardless of the results of the litigation the governmental unit,* if it does not provide legal counsel to the defendant officer or employe, *shall pay reasonable attorney fees and costs of defending the action,* unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment . . . . [Emphasis added.]

The broad scope of the phrase "any action or special proceeding" would include forfeiture actions. The legislature's use of the word "litigation" within the statute's provision requiring indemnification for attorney fees and costs is but a reference back to "any action or special proceeding." This conclusion is buttressed by the legislature's use of the term "action" again within the statute's provision requiring indemnification for legal fees. Even if we were to determine that the statute is ambiguous because the term "damages" is not ordinarily applicable to "special proceedings," the result would be unchanged. Our conclusion that the statute encompasses forfeiture actions is consistent with the legislature's intent "to offer the broadest protection reasonably available to public officials and to public

employees." *Schroeder v. Schoessow*, 108 Wis.2d 49, 67, 321 N.W.2d 131, 140 (1982).

This construction of sec. 895.46(1) does not conflict with the court's decision in *Bablitch* because in that case the court was concerned with a criminal matter rather than a forfeiture action. In *Bablitch*, 82 Wis.2d at 575-76, 263 N.W.2d at 220, a public official was seeking payment of legal fees incurred in defending against a felony charge. The court concluded that the sec. 895.46(1) provision requiring a political subdivision to indemnify an employee for legal fees was only applicable to those fees incurred in civil actions and not criminal proceedings. *Id.* at 580-82, 263 N.W.2d at 222-23; *Schroeder*, 108 Wis.2d at 59, 321 N.W.2d at 136. Here, Crawford incurred legal fees in a forfeiture action. It is clear that "[c]onduct punishable only by a forfeiture is not a crime." *State v. Roggensack*, 15 Wis.2d 625, 630, 113 N.W.2d 389, 392 (1962); sec. 939.12, Stats.

We recognize that a forfeiture action is similar to a criminal prosecution in that both seek to impose a penalty rather than damages. Despite this similarity, an action seeking to impose only a forfeiture is civil in nature. *See County of Racine v. Smith*, 122 Wis.2d 431, 435, 362 N.W.2d 439, 441 (Ct. App. 1984). As such, a forfeiture action would not fall within the limitation placed on sec. 895.46(1) by the *Bablitch* decision.

Our conclusion that sec. 895.46(1) encompasses forfeiture actions is consistent with the decisions following *Bablitch* that have broadened, rather than constricted, the statute's scope. In *Schroeder*, 108 Wis.2d at 52-59, 321 N.W.2d at 133-36, public officials sought payment under sec. 895.46(1) for legal fees incurred in mandamus and remedial contempt actions. One of the possible penalties for remedial contempt is a forfeiture under sec.

785.04(1)(c), Stats. The court questioned its decision in *Bablitch*, but found it unnecessary to reexamine that decision. *Schroeder*, 108 Wis.2d at 59, 66, 321 N.W.2d at 136, 139. The court concluded, however, that the statute did apply to the mandamus and contempt proceedings if the officials had been acting in good faith and within the scope of their employment when they committed the acts upon which the proceedings were based.[3] *Id.* at 65-69, 321 N.W.2d at 139-41.

In *Beane v. City of Sturgeon Bay*, 112 Wis.2d 609, 611, 334 N.W.2d 235, 236 (1983), police officers sought payment of legal fees incurred in defending against an action based upon assault, battery, false arrest, conspiracy, and violation of civil rights. The court recognized that a political subdivision would be liable for an employee's legal fees if that subdivision would have been absolutely liable for a judgment rendered against the employee. *Id.* at 614, 334 N.W.2d at 238. In so doing, the court determined that "[a]bsolute liability is imposed on the public employer if the employee is proceeded against . . . because of acts committed while carrying out

---

[3] Section 270.58(1), Stats. (1971), the predecessor to sec. 895.46(1), Stats., provided:

> Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against . . . because of acts committed while carrying out his duties . . . and the jury or the court finds that he *acted in good faith* the judgment as to damages and costs . . . shall be paid by the state or political subdivision of which he is an officer or employe . . . [Emphasis added.]

In 1973 the legislature revised the statute and replaced the phrase "acted in good faith" with "acting within the scope of his employment." Section 173, ch. 333, Laws of 1973. In *Schroeder v. Schoessow*, 108 Wis.2d 49, 69, 321 N.W.2d 131, 141 (1982), the court determined that "good faith" remained an implicit element of "acting within the scope of employment" under sec. 895.46(1).

his or her duties and the employee is found to have acted within the scope of employment." *Id.* We conclude that under the court's expansive reading of sec. 895.46(1) in *Schroeder* and *Beane,* the statute is applicable to forfeiture actions based upon acts committed by a public employee within the scope of his or her employment.

The attorney general's conclusion that sec. 895.46(1) does not apply to forfeiture actions is unpersuasive. The attorney general was correct inasmuch as sec. 19.96, Stats., forbids the reimbursement of legal fees incurred by an official found to be violating the open meeting law because the statute specifically provides that the forfeiture imposed shall be without reimbursement. 66 Op. Att'y Gen. 227-28 (1977). However, the attorney general incorrectly reasoned that sec. 895.46(1) was applicable only to those actions brought to secure a judgment for damages. *Id.* at 228-30.

The attorney general's conclusion that sec. 895.46(1) requires payment of legal fees incurred only in civil damage actions is contrary to the statute's language. The statute contains no such restriction, and it is the language of the statute that controls. *See State ex rel. Neelen v. Lucas,* 24 Wis.2d 262, 268, 128 N.W.2d 425, 428-29 (1964). It is true that the statute speaks of the political subdivision's payment of "the judgment as to damages and costs," but this provision was meant to detail the protections the statute afforded public employees and not to limit the statute's coverage to only civil damage actions. Indeed, the statute specifically covers "special proceedings" such as quo warranto, mandamus, and prohibition, and these actions do not ordinarily involve a request for damages. *See* secs. 801.01 and 801.02(5), Stats. Moreover, the statute

expressly provides for the payment of legal fees "[r]egardless of the results of the litigation," and "litigation" refers to more than civil damage actions. *See Schroeder,* 108 Wis.2d at 65–69, 321 N.W.2d at 139–41.

The attorney general's narrow construction of sec. 895.46(1) is contrary to the policy underlying the statute. The statute is designed to indemnify public employees from the cost of actions brought against them that are based upon acts performed within the scope of their employment and for a governmental unit's benefit. By providing this protection, the statute encourages public employees to perform their duties without hesitation or fear that they will be personally liable. Extending the statute's protections to encompass forfeiture actions furthers this policy. Limiting the statute's protection to only that conduct that is within the scope of employment ensures that the statute would not protect a public employee who engages in outrageous or criminal conduct. By definition, such conduct would not be within the scope of employment.

Pursuant to sec. 895.46(1), the city must indemnify Crawford for the legal fees he incurred in defending against the forfeiture charges. It is undisputed that Crawford was employed by the city and that he was acting within the scope of his employment when he shot the seagull. It is also undisputed that Crawford timely notified the city of the pending forfeiture actions, that he requested legal representation, and that the city denied his request. Under these facts, the city is required to pay Crawford's legal fees.

*By the Court.*—Judgment affirmed.