LAWRENCE J. HASKIN, City Attorney City of Oak Creek
You have asked for my opinion whether a city can pay the plaintiffs attorneys fees as part of settlement of an action against a city official for an open meetings law violation.
You explain that the former mayor, two aldermen and four fire and police commissioners from the city of Oak Creek are defendants in an action commenced in the name of the president of the city's police union for alleged violations of the open meetings law. As part of settlement negotiations, counsel for the union president has proposed dismissal of the action upon payment of attorneys fees by the defendants.
Your specific question is: after a settlement of an open meetings law action that provides for dismissal and for the defendants to pay for the plaintiffs attorneys fees, can the city reimburse the defendants for the payment of the plaintiff's attorneys fees?
You have also asked whether the city attorney, pursuant to section 62.115, Stats., can be authorized to defend the city officials in the open meetings law action?
In my opinion, the answer to both questions is yes.
The two statutes providing for reimbursement to public officials who are defendants in legal actions are sections 895.35
and 895.46. Where section 895.35 applies, the designated governmental unit has the discretion to pay all reasonable expenses that the officer necessarily expended. Where section895.46 applies, the governmental unit has an obligation to pay the judgment and expenses identified in the statute.
Section 895.35 provides:
 Whenever in any city, town, village, school district, vocational, technical and adult education district or county charges *Page 178 
of any kind are filed or an action is brought against any officer thereof in his official capacity, or to subject any such officer, whether or not he is being compensated on a salary basis, to a personal liability growing out of the performance of official duties, and such charges or such action is discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, or in case such officer, without fault on his part, is subjected to a personal liability as aforesaid, such city, town, village, school district, vocational, technical and adult education district or county may pay all reasonable expenses which such officer necessarily expended by reason thereof. Such expenses may likewise be paid, even though decided adversely to such officer, where it appears from the certificate of the trial judge that the action involved the constitutionality of a statute, not theretofore construed, relating to the performance of the official duties of said officer.
Section 895.46(1)(a) provides:
 If the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to the officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe. Agents of any department of the state shall be covered by this section while acting within the scope of their agency. Regardless of the results of the litigation the governmental unit, if it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment. If the employing state agency or the attorney general denies that the state officer, employe or agent was doing any act growing out of or committed in the course of the discharge of his or her duties, the attorney general may appear on behalf of the state to contest that issue without waiving the state's sovereign immunity to suit. Failure by the officer or employe to give notice to his or her department head of an action or special proceeding *Page 179 
commenced against the defendant officer or employe as soon as reasonably possible is a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney fees and costs of defending the action. The attorney fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and the offer is refused by the defendant officer or employe. If the officer, employe or agent of the state refuses to cooperate in the defense of the litigation, the officer, employe or agent is not eligible for any indemnification or for the provision of legal counsel by the governmental unit under this section.
Several years ago, my predecessor concluded that section 895.35
applied to actions for open meetings law violations, but that section 895.46 did not because that statute did not apply to forfeiture actions. See 66 Op. Att'y Gen. 226, 229-30 (1977). In light of subsequent supreme court and court of appeals' decisions, the 1977 opinion must be withdrawn in regard to section 895.46.
In Crawford v. City of Ashland, 134 Wis.2d 369, 396 N.W.2d 781
(Ct.App. 1986), the court of appeals held that section 895.46
was applicable to forfeiture actions. The court said that the attorney general's conclusion that the statute did not apply to forfeiture actions was unpersuasive. Crawford,134 Wis.2d at 376. However, the court said that the attorney general was correct to the extent that section 19.96 prohibits reimbursement to officials because the open meetings law statute is specific to those prosecutions.
The supreme court has repeatedly stated that sections 895.35
and 895.46 were enacted by the Legislature to offer the broadest protection reasonably available to public officials and public employes. See Beane v. City of Sturgeon Bay, 112 Wis.2d 609,614, 619, 334 N.W.2d 235 (1983); Schroeder v. Schoessow 108 Wis.2d 49,67, 321 N.W.2d 131 (1982); and Bablitch Bablitch v.Lincoln County, 82 Wis.2d 574, 579, 263 N.W.2d 218 (1978).
These court decisions compel me to withdraw part of the 1977 opinion and now conclude that sections 895.35 and 895.46 apply to actions for open meetings law violations to the same extent they apply to other civil actions against public officers and employes, with the exception that public officials cannot be reimbursed for the forfeitures they are ordered to pay for violating the open meetings law. See sec. 19.96, Stats. *Page 180 
Your specific question is whether the city can reimburse the defendant officials if they pay for the plaintiff's attorneys fees as part of a settlement to obtain dismissal of the open meetings law action. Under section 895.35, the city may exercise its discretion to pay the officials' reasonable expenses, which includes the officials' costs. See Bablitch,82 Wis.2d at 583-84. Therefore, the city has the authority to reimburse the officials if as part of the settlement they pay for the plaintiff's attorneys fees.
You also ask whether the city attorney under section 62.115 may represent the officials in an open meetings action. Section62.115 provides:
 (1) The common council of any city, however incorporated, may by ordinance or resolution authorize the city attorney to defend actions brought against any officer or employe of such city or of any board or commission thereof, growing out of any acts done in the course of his employment, or out of any alleged breach of his duty as such officer or employe, excepting actions brought to determine the right of such officer or employe to hold or retain his office or position, and excepting also actions brought by such city against any officer or employe thereof.
 (2) Nothing in this section contained, nor any action taken by any city or by any city attorney pursuant to the provisions of this section, shall be construed to impose any liability, either for costs, damages or otherwise, upon such city or city attorney.
Because I have concluded that, with the one exception covering the reimbursement for forfeitures, sections 895.35 and 895.46
apply to open meetings law cases, I also conclude that the city attorney would be able to represent officials in open meetings law cases to the same extent the city attorney can represent the officials in other forfeiture cases.
DJH:SWK *Page 181