LINDA R. REIVITZ, Secretary Department of Health and SocialServices
 Your predecessor has requested my opinion on a number of questions under the new open records law, sections 19.31 through 19.39, Stats., which went into effect on January 1 1983: *Page 100 
 1. When an employe authors a document for his own or another's signature and the preliminary versions are reviewed by his supervisors, other employes or persons outside the Department for approval or comments, are the preliminary versions "records" under sec. 19.32 (2).
Section 19.32 (2) provides that "[r]ecord does not include drafts, notes, preliminary computations and like materials prepared for the originator's personal use or prepared by the originator in the name of a person for whom the originator is working."
The preliminary versions of the document would constitute "drafts" as that term is used in section 19.32 (2). Section990.01 provides:
 Construction of laws; words and phrases. In the construction of Wisconsin laws the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature:
 (1) GENERAL RULE. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning.
The word "draft" is not a technical word, and its common and approved definition is "constituting a preliminary or tentative version." Webster's Seventh New Collegiate Dictionary 251 (1972).
Consequently, all preliminary versions of a document prepared by an employe for his or her own or another's signature do not constitute "records" under section 19.32 (2). When statutory language is clear and unambiguous on its face, the intention of the Legislature is to be determined from the plain meaning of the statute itself. State v. Engler, 80 Wis.2d 402, 406,259 N.W.2d 97 (1977).
 2. Are copies of documents received from other agencies purely for informational purposes and concerning matters not affecting the Department's functions subject to disclosure under the open records law?
Section 19.32 (2) defines "record" to include any material "which has been created or is being kept by the authority." Section 16.61 (2)(b) defines "record" to include any material "made, or *Page 101 
received by any agency of the state or its officers or employes in connection with the transaction of public business . . . ." Section 19.21(1) provides:
 Custody and delivery of official property and records. (1) Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
These statutes should be construed together and read to include as public records materials that the officer is under a legal duty or obligation to preserve and that have some relation to the function of his or her office. This is clear from section 19.31, which declares as public policy the right of the electorate to be informed "regarding the affairs of government and the official acts of those officers and employes who represent them." See also
prior opinions of this office.*
In my opinion, the documents you describe would not have sufficient connection with the function of your office to qualify as public records and, therefore, would not have to be preserved or disclosed by you.
 3. May the costs of separating confidential information from non-confidential information under sec. 19.36(6), as created by ch. 335, Laws of 1981, be charged to the person who requests access to the record?
Section 19.36(6) provides that "[i]f a record contains information that may be made public and information that may not be made public, the authority having custody of the record shall provide the information that may be made public and delete the information that may not be made public from the record before release." Since there is no provision made therein or elsewhere in the law for charging *Page 102 
such separation costs to the person who requests access to the record, the agency must bear such costs.
 4. Are the actual and punitive damages and the forfeitures provided for in subsecs. 19.37(2) through 19.37(4) the liability of the agency or of the legal custodian? If they are the liability of the custodian, does sec. 895.46, Stats., provide for indemnification?
The relevant subsections of section 19.37 provide as follows:
 (2) COSTS, FEES AND DAMAGES. The court shall award reasonable attorney fees, damages of not less than $100, and other actual costs to the requester if the requester prevails in whole or in substantial part in any action filed under sub. (1). Costs and fees shall be paid by the authority affected or the unit of government of which it is a part, or by the unit of government by which the legal custodian under s. 19.33 is employed and may not become a personal liability of any public official.
 (3) PUNITIVE DAMAGES. If a court finds that an authority or legal custodian under s. 19.33 has arbitrarily and capriciously denied or delayed response to a request or charged excessive fees, the court may award punitive damages to the requester.
 (4) PENALTY. Any authority which or legal custodian under s. 19.33 who arbitrarily and capriciously denies or delays response to a request or charges excessive fees may be required to forfeit not more than $1,000. Forfeitures under this section shall be enforced by action on behalf of the state by the attorney general or by the district attorney of any county where a violation occurs. In actions brought by the attorney general, the court shall award any forfeiture recovered together with reasonable costs to the state; and in actions brought by the district attorney, the court shall award any forfeiture recovered together with reasonable costs to the county.
It is clear from subsection (2) that actual damages, together with costs and attorney fees, are the liability of the agency and not the legal custodian.
Punitive damages and forfeitures, on the other hand, can be the liability of either the agency or the legal custodian or both. This conclusion is derived not only from the language of subsections (3) *Page 103 
and (4) but also from the legislative history of section 19.37. 1979 Senate Bill 482, which preceded 1981 SB 250, and which was ultimately enacted as sections 19.31 through 19.39, provided that all punitive damages and forfeitures shall be assessed against the "authority." The Legislative Reference Bureau's analysis of engrossed 1979 SB 482 concluded that punitive damages and forfeitures may be assessed against "the affected unit of government." 1981 SB 250 provided that punitive damages and forfeitures shall be assessed against the "authority or custodian." The Legislative Reference Bureau's analysis of engrossed 1981 SB 250 concluded that punitive damages and forfeitures may be assessed against "the officer or agency."
If punitive damages are assessed against the legal custodian, I believe indemnification by the authority would be provided under section 895.46(1)(a). Although it could be argued that this is not so because section 19.37 makes the affected unit of government liable for actual damages and is silent with respect to its liability for punitive damages and forfeitures assessed against the legal custodian, the long-standing administration of section 895.46(1)(a) by this office has been to provide indemnification for punitive damages.
If a forfeiture is assessed against the legal custodian, however, I believe indemnification would not be provided by section 895.46(1)(a). This is so because the general rule is that a unit of government is not liable for forfeitures assessed against its officials. See Bablitch Bablitch v. Lincoln County,82 Wis.2d 574, 581, 263 N.W.2d 218 (1978).
In my opinion, section 19.37 was not intended to change the established law with respect to governmental responsibility under section 895.46(1)(a) for punitive damages and forfeitures assessed against governmental officials.
BCL:JJG
* 63 Op. Att'y Gen. 400, 401 (1974) and 31 Op. Att'y Gen. 195, 196 (1942). *Page 104