Raymond P. Taffora Deputy Attorney General
Ms. Gail A. Peckler-Dziki 29920 102nd Street Trevor, WI 53179
Dear Ms. Peckler-Dziki:
I am responding to your letter of September 28, 2009 in which you ask whether a town chair may discuss town business in a private website and refuse to allow certain requesters to participate in the discussion.
In your letter you state that Salem Town Chair Linda Valentine maintains a Google group website called "Making Salem Better," to which only certain individuals are provided access. There may be as many as 140 members. Annette Newcomb, editor of the Westosha/Paddock Lake Report, made an informal request to join the group, but received no reply. On August 26, 2009, you made a formal, written request for electronic access to the website. Ms. Valentine denied your request by email dated August 27, 2009, stating that "Making Salem Better" is not an official entity and is not used to conduct official business. At some point, a member of the group provided you with documents purported to be from the site. From those documents you learned that Ms. Valentine made use of the website to discuss town business including the community library and representation on its board, a high school addition project, and the possible construction of a round-about intersection.
Your letter actually poses two distinct questions: (1) Is the content of the "Making Salem Better" website a public record, and (2) May a public official maintain a private website with access provided only to certain individuals? I address each question in turn. I stress that this opinion applies only to the situation you have presented.
Is "Making Salem Better" Website a Public Record?
It is my opinion, based on the information you have provided, that the content of "Making Salem Better" is more likely than not a public record subject to the Wisconsin public records law.
Ms. Valentine, as the elected town chair, is an "authority" subject to the public records law because "authority" is specifically defined to include an "elected official." Sec. 19.32(1), Wis. Stats. The question then is whether the information created and kept or received by Ms. Valentine on the website is itself a public record. *Page 2 
"Record" is defined for purposes of the public records law as "any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of the physical form or characteristics, which has been created or kept by anauthority." Sec. 19.32(2), Wis. Stats. The presumption created by that definition is that the website contents are records because they are created or kept by an authority, the town chair. There are some exceptions to the definition of "record." For example, "record" does not include "drafts" or "notes" "prepared for the originator's personal use,"see id., but "Making Salem Better" was not, evidently, prepared solely for Ms. Valentine's personal use as other individuals belong to the group and have access to materials and comments posted there. "Record" also does not include "materials which are purely the personal property of the custodian and have no relation to his or her office." Id. However, given that the website entitled "Making Salem Better" is operated by the individual serving as Salem town chair, and includes a discussion of town business involving numerous other individuals, it is reasonable to presume that the website has at least some relation to Ms. Valentine's office.
It is the content of the record, not its format or location, that is determinative. Therefore, a "record" could include information "created or kept" on a website by an authority subject to the public records law. Here it appears that Ms. Valentine is an "authority," that she has "created or kept" the "Making Salem Better" website, and that the website meets the definition of a "record." "Except as otherwise provided by law, any requester has a right to inspect any record." Sec. 19.35(1)(a), Wis. Stats. Thus, unless there is some exception elsewhere in the law, a requester should be provided with the information stored on the "Making Salem Better" website.
Ms. Valentine has argued that she maintains "Making Salem Better" as a private individual and not in her capacity as town chair. However, the Wisconsin public records law does not draw a distinction between the personal and public capacity of elected officials at the time of the record's creation, but rather looks to the content of the information in question.
 It is the rule independently of the statute that public records include not only papers specifically required to be kept by a public officer but all written memorials made by a public officer within his authority where such writings constitute a convenient, appropriate, or customary method of discharging the duties of the office.
State ex rel. Youmans v. Owens, 28 Wis. 2d 672, 679, 137 N.W.2d 470
(1965) quoting International Union v. Gooding, 251 Wis. 362, 370-71,29 N.W.2d 730 (1947). "Records are [those] created or kept in connection with an authority's official purpose or function." 72 Op. Att'y Gen. 99, 101 (1983).
Ms. Valentine, as town chair, likely has the authority to create a website, and it is commonplace and customary these days for public officials to maintain one (though they are usually open to the public). Gathering and presenting information about town business to *Page 3 
persons in the town is certainly one of Ms. Valentine's official functions as is receiving and responding to their concerns. Ms. Valentine is evidently using this website as a vehicle to communicate with constituents about town governance and operational matters. A website created by Ms. Valentine on her own computer and at her own expense that included purely personal content (e.g., sharing pictures of family vacations, or solely limited to a political campaign), would likely not constitute a record, nor might her comments in a restricted group website to which she belonged in her personal capacity. But a website called "Making Salem Better" in which the town chair actively presents and receives written communication on matters of public interest that relate to the chair's official duties (library board representation, a high school addition project, and a round-about intersection), seems to be connected with that town chair's official purpose or function regardless of Ms. Valentine's claim that she intended to act in a personal capacity.[1]
Under the public records law and the facts as you have presented them, it is more likely than not that the contents of "Making Salem Better" are a public record. If so, any requester may have a right of inspection of the website unless the town chair "makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made." Sec. 19.35(1)(a), Wis. Stats.
Restricted access
While the information stored in "Making Salem Better" is likely a public record, your request to the town chair was not for the information itself, but rather for electronic access to the website. That is to say, you did not request a "record" per se, but instead you requested *Page 4 
something equivalent to access to a group discussion that includes handouts, written correspondence, and a transcript.[2]
Under section 19.35(1)(b) of the Wisconsin Statutes, "any requester has a right to inspect a record and to make or receive a copy of a record which appears in written form." section 19.35(1)(b), (c), and (d) require that copies of records provided be "substantially as readable," "audible," or "as good" as the originals. By analogy, making available publicly the information contained within "Making Salem Better" ought to be a sufficient response to a public records request if one was made. While you are correct that it is in the public interest for anyone to have access to the website, the public records law would define that access as the "right to inspect" the record. Sec. 19.35(1)(a), Wis. Stats. The "right to inspect" covers having access to and copies of record information, but not necessarily the right to participate in the discussion as a member of the Google group. There may be other ways of accommodating a right of access including provision of "read only" access to the website, or providing a copy of the website's contents on paper or in electronic format.
In summary, it is my conclusion, based on the information you provided, that "Making Salem Better" is likely a public record, but that the public's right of access, as a matter of the public records law, extends to inspecting and copying the website content, but not necessarily to participation in the group discussion.
I hope this information is helpful to you.
Sincerely,
J.B. Van Hollen Attorney General
JBVH:JSL:rk
[1] As noted above, this opinion is limited to the factual situation presented. There are likely circumstances where a public official may, in fact, generate documents in a non-official capacity that would not meet the definition of a "record" under the public records law, even though the documents make some reference to the public official's duties or functions. While it is not necessary, at this time, to articulate a precise standard for resolving any such issues, there are a number of factors that would need to be considered. These factors would include, but not be limited to: (a) a recognition that even elected officials have a constitutional right to engage in First Amendment activities and to privacy; (b) whether public resources were used; (c) whether the public official had a definable, non-public capacity to which the alleged record relates (i.e., is he/she acting as a candidate, a family member, a director of a private corporation, an educator, etc.); (d) whether a reasonable member of the public would view the related activity as a public function; (e) whether the recipients of the alleged record are limited to "personal" contacts; (f) whether the alleged record was generated at a time, place, and in a manner, in which public business is normally conducted; and (g) the purposes for which the document was created, kept, or maintained.
[2] I understand from telephone conversations between you and a member of my staff that the members of "Making Salem Better" are not necessarily public officials. The opinions expressed in this letter are based on the assumption that the participants in the "Making Salem Better" group do not include a quorum of the town board or a quorum of any town board committee, subcommittee, commission, advisory group, or other collective entity created by action of the town board, the town board chair, or any town official, to which the entity's creator has delegated a portion of the creator's authority or responsibilities. If any part of this factual assumption is erroneous, the communications between participants in the "Making Salem Better" group may create issues regarding some participants' compliance with the requirements of the open meetings law. *Page 1